UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ADENIYI OGUNWOMOJU, *pro se*,　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　Plaintiff,　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：　　**MEMORANDUM AND ORDER**
　　　　　　　-against-　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：　　05-CV-266 (DLI) (LB)
DISTRICT DIRECTOR OF CITIZENSHIP　　　：
AND IMMIGRATION,　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　Defendant.　　　　　　　：
-------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge**:

　　The Government moves to dismiss *pro se* plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff asserts that the Court has jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b) because the INS failed to issue a decision on plaintiff's naturalization application within 120 days of his immigration examination.[1] The Court agrees with the Government that the Court lacks jurisdiction to hear this matter because plaintiff failed to exhaust his administrative remedies. Accordingly, this action is dismissed.

**I.　　FACTS**

　　Plaintiff Adeniyi Ogunwomoju is a citizen of Nigeria who was admitted to the United States as a lawful permanent resident on or about September 1, 1987. (*See* Kolbe Aff. Ex. A.) On April 10, 1997, plaintiff filed an application for naturalization. (*Id.*) After an interview on July 26, 1996 and an Immigration and Nationalization Service ("INS") request for additional

---

[1] Because plaintiff is a *pro se* litigant, the Court, in deciding this motion, has construed plaintiff's papers broadly, interpreting them to raise the strongest arguments suggested. *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002).

documents concerning plaintiff's arrests, the INS denied plaintiff's application on January 8, 1999.[2] (*Id.*) Plaintiff did not seek administrative appeal of this denial.

However, plaintiff's counsel sent a letter, dated January 19, 1999, to INS attaching non-certified docket reports on two pending criminal matters where plaintiff was the defendant and requesting that INS' denial of plaintiff's naturalization application be canceled. (*See* Kolbe Aff. Ex. D.) On April 6, 2001, INS informed plaintiff that it required original arrest dispositions, containing a raised seal from the court. (*See* Kolbe Aff. Ex. F.) However, plaintiff never sent the requested or required paperwork.

On and following March 11, 2004, plaintiff was the subject of removal proceedings based on the following five crimes: (1) a January 1994 petit larceny conviction; (2) an August 1994 petit larceny conviction; (3) November 1990 conspiracy to commit credit card fraud and mail fraud convictions; (4) a November 1993 fraudulent tax return conviction; and (5) a March 2000 criminal possession of a controlled substance conviction. *See* Kolbe Decl. ¶¶ 9-11, Exs. G-I. The immigration judge ordered plaintiff's removal based on these convictions. *See* Kolbe Decl. Ex. J. Plaintiff appealed the removal order to the Board of Immigration Appeals ("BIA"). On February 15, 2005, the BIA denied plaintiff's appeal. (*See* Kolbe Aff. Ex. K.)

On or about January 18, 2005, while plaintiff's appeal to the BIA from his removal order was pending, plaintiff filed the instant action. (*See* Compl.) Plaintiff requests that the court "direct the '*Citizenship and Immigrations Services*' to rectify [his] status from Permanent

---

[2] The INS directed plaintiff to submit court dispositions on all of plaintiff's arrests by January 9, 1999. Although the INS denied plaintiff's naturalization application on January 8, 1999, one day before the deadline for plaintiff to submit his arrest dispositions, plaintiff did not submit any documents to INS until January 19, 1999.

Resident Alien to United States Citizen or National. *See* Compl. at 3. On February 23, 2005, the Court granted Plaintiff's request for a stay of deportation. The instant motion followed.

**II.    DISCUSSION**

The Immigration and Nationality Act ("INA") permits district court intervention in only two instances. First, when INS has denied a naturalization application and that denial has been affirmed on administrative appeal. *See* 8 U.S.C. § 1421(c), INA § 310 (c). Second where an application for naturalization has been examined by the INS and more than 120 days has elapsed without decision. *See* 8 U.S.C. §1447(b), INA § 336(b). Plaintiff asserts the latter as the Court's jurisdictional basis to hear this matter.

Although 120 days lapsed between plaintiff's examination by an INS officer on July 26, 1996 and the INS decision on his naturalization application on January 8, 1999, plaintiff did not file his complaint in this court until after the INS decision on his naturalization application was rendered. Thus, the Court lacks jurisdiction over this matter. *See Langer v. McElroy*, No. 00 Civ. 2741, 2002 WL 31789757, at *3 (S.D.N.Y. Dec. 13, 2002); *Bahet v. Ashcroft*, 01 Civ. 9334, 2002 WL 971712, at *1-2 (S.D.N.Y. Apr. 10, 2002); *Lawal v. U.S. INS*, No. 94 Civ. 4606, 1996 WL 384917, at * 2 (S.D.N.Y. Mar. 30, 1996).

Moreover, plaintiff may not seek review by this Court under 8 U.S.C. § 1421(c). Section 1421(c) permits review of a denial "after a hearing before an immigration officer under section 1447(a). No such hearing took place or was requested by plaintiff. The January 18, 2005 letter sent by plaintiff's counsel merely requested that the denial be administratively canceled, which does not constitute a request for a hearing before an immigration officer pursuant to 8 U.S.C. § 1447(a). Therefore, this Court is without jurisdiction to hear this matter.

## III. CONCLUSION

For the reasons stated above, the Court lacks jurisdiction to hear this matter. Accordingly, defendant's motion is granted. Plaintiff's claims are dismissed for lack of subject matter jurisdiction and the stay of deportation vacated. The Clerk of the Court is directed to close the file in this matter.

SO ORDERED

DATED:     Brooklyn, New York
               March 9, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge